**YVETTE WEINSTEIN**
Trustee in Bankruptcy
6450 Spring Mountain Rd., Ste 14
Las Vegas, NV 89146
(702) 364-8919

E-filed on 5/11/16

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-15-15491-ABL |
| ROBERT C. MARSHALL | IN PROCEEDINGS UNDER CHAPTER 7 |
| Debtor(s) | **MOTION TO DISMISS DEBTOR'S BANKRUPTCY PROCEEDING WITHOUT PREJUDICE FOR FAILURE OF DEBTOR TO COMPLY WITH THE BANKRUPTCY CODE; AND/OR TO EXTEND BAR DATE TO OBJECT TO DISCHARGE** |
| | **DATE:** June 23, 2016
**TIME:** 11:00 a.m.
**PLACE:** FOLEY FEDERAL BUILDING, THIRD FLOOR |

The Motion of the Trustee, YVETTE WEINSTEIN, respectfully represents:

1. Debtor filed a Chapter 11 bankruptcy petition on September 24, 2015.

2. This case was converted from a Chapter 11 to a Chapter 7 on February 29, 2016.

3. Movant is the duly authorized, appointed and acting Chapter 7 Trustee in the above-entitled estate.

4. The creditors meeting was originally set for hearing on March 30, 2016, and debtors failed to appear. Debtor's attorney, Brad Sims appeared and indicated that he had lost contact with his client. Trustee continued the matter until May 10, 2016 and again, the debtor failed to appear. Further, Trustee's office did not receive a telephonic and/or written request for a further continuance. Trustee's counsel withdrew as attorney of record pursuant to Court Order on Docket 186 on April 6, 2016.

5. The Bankruptcy Code requires that the Debtor cooperate fully with the Trustee in the administration of the estate (11 U.S.C. Section 521(a) ) and that he/she appear at the meeting of creditors; and 11 U.S.C. Section 707(a).  The Trustee requests that in the alternative the court allow an order to extend the deadline to object to the discharge, dischargeability of debtors, or to file a motion seeking dismissal pursuant to 11 U.S.C. Section 727.

  WHEREFORE, your Movant prays as follows:

 1. The Trustee requests based upon due process as well as the above-referenced statutory law,  that the Court dismiss the base under 707(a) because of the debtor's failure to appear at the meeting of creditors and said failure to appear is now become unreasonable and prejudicial.

  2. Further, the Trustee requests to the extent the Court permits the case to proceed, that the Court extend the time for the Trustee to oppose Debtor's discharge up and including July 27, 2016 ; and or;

   3. If the Court permits the Trustee to proceed with the Dismissal that the Clerk of the Court not enter a  discharge in this matter; and/or;

   4.  If  said dismissal is granted that the trustee be relieved of her duties and that her bond be exonerated.

DATED:   May 11, 2016

　　　　　　　　　　　　　　　　　　　 */s/ Yvette Weinstein*
　　　　　　　　　　　　　　　　　　　 YVETTE WEINSTEIN, Trustee

**DECLARATION OF TRUSTEE**

  I, Yvette Weinstein, declare as follows:

  I am the acting and duly appointed trustee in this matter.  That the debtor's 341a hearing was set for March 30, 2016 and the debtor failed to appear.  The matter was continued until May 10, 2016 and the debtor again did not appear. The debtor did not request in writing and/or telephonically prior to the matter being heard on May 10, 2016  that he receive a another continuance in this matter for another continued 341a creditors meeting.

   I declare under penalty of perjury that the foregoing is true and correct and this declaration executed this 11th  day of May , 2016 at Las Vegas, Nevada.

　　　　　　　　　　　　　　　　　　　 */s/ YVETTE WEINSTEIN, Trustee*