Lenard E. Schwartzer, Esq., NV Bar No. 0399
Jason A. Imes, Esq., NV Bar No. 7030
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, Nevada 89146-5308
Telephone:   (702) 228-7590
Facsimile:    (702) 892-0122
E-Mail:        bkfilings@s-mlaw.com

Attorneys for Yvette Weinstein, Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re: | BK-S-15-15491-ABL |
| ROBERT C. MARSHALL | Chapter 7 |
| Debtor. | **NOTICE OF SUBPOENA PURSUANT TO RULE 9016** |

**TO:    ALL PARTIES IN INTEREST**

**PLEASE TAKE NOTICE** that, pursuant to FRBP 9016 and FRCP 45, a Subpoena Duces Tecum will be served on CATHAY BANK demanding production of documents. The documents must be produced on or before September 30, 2016 by 5:00 p.m. A copy of the Subpoena is attached hereto.

Dated this 14th day of September, 2016.

/s/ Jason A. Imes
Jason A. Imes
Schwartzer & McPherson Law Firm
2850 S. Jones Boulevard, Suite 1
Las Vegas, NV  89146
*Attorneys for Yvette Weinstein, Chapter 7 Trustee*

- 1 -

# United States Bankruptcy Court
### DISTRICT OF NEVADA

IN RE

**ROBERT C. MARSHALL**

**SUBPOENA DUCES TECUM**

BK-S-15-15491-ABL

CHAPTER 7

TO: **CATHAY BANK**
**ATTN: CUSTODIAN OF RECORDS**
6110 Spring Mountain Rd
Las Vegas, NV 89146

___ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Fed.R.Bankr.P., at the place, date and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| n/a | n/a |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**For period September 1, 2014 through September 1, 2016,** please provide all banking and financial records in possession, custody or control of Cathay Bank, relating to ROBERT C. MARSHALL (the "Debtor"), including but not limited to copies of (1) all of Debtor's account statements; (2) all incoming and outgoing checks (including deposit and cancelled checks), cashier's checks and wire transfers (including wire transfer confirmations) in an amount in excess of $5,000; (3) all debit and credit memos; and (4) all other documents relating to accounts in the name of the Debtor (including signature cards). **This includes but is not limited to Cathay Bank account ending 4334.**

| PLACE | DATE AND TIME |
|---|---|
| **SCHWARTZER & McPHERSON LAW FIRM**<br>**2850 SOUTH JONES BLVD., SUITE 1**<br>**LAS VEGAS NV 89146** | **On or before**<br>**September 30, 2016,**<br>**by 5:00 p.m.** |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]*<br>Jason A. Imes, Esq.<br>*Attorney for Yvette Weinstein, Chapter 7 Trustee for bankruptcy estate of Robert C. Marshall* | 9/14/16 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

**JASON A. IMES, ESQ.**
**SCHWARTZER & McPHERSON LAW FIRM**
**2850 SOUTH JONES BLVD., SUITE 1**
**LAS VEGAS NV 89146**
**702-228-7590**

## PROOF OF SERVICE

| DATE: | PLACE: |
|---|---|

**SERVED:**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
               Date                                   Signature of Server

                                                                           Address of Server

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P.:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order by the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any persons who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance.
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held or,

        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

902738